# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

MASALA JAMES, )
　)
　　Plaintiff, )
　)
v. ) Case No. CIV-14-146-HE
　)
WILLIAM A. SHERROD, et al., )
　)
　　Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Plaintiff's claims against Defendants William A. Sherrod, S. Solis, and S. Defibaugh be dismissed without prejudice to refiling.

**I.　Factual Background/Procedural History**

In a Report and Recommendation dated August 25, 2016 [Doc. No. 48], the Court initially recommended the dismissal of Plaintiff's claims against Defendants Sherrod, Solis, and Defibaugh because Plaintiff failed to effect timely service and he failed to respond to the Court's Order to Show Cause.[1] Plaintiff filed an objection to the Report and Recommendation on September 8, 2016 [Doc. No. 49]. Because Plaintiff's response to the Order to Show Cause was not received by the Court and the United States Marshal Service indicated that the three defendants were no longer employed by Corrections Corporation of America (CCA) and no forwarding information was provided for any of them, the District Court extended the period of

---

[1] The procedural history up to that point is contained in the initial Report and Recommendation.

time in which to serve the defendants by forty-five days, or until December 1, 2016. *See* Order [Doc. No. 52].

On November 30, 2016—one day prior to the expiration of his time to serve the defendants—Plaintiff requested summonses for Defendants Sherrod, Solis, and Defibaugh, *see* Doc. No. 55, at the same address at which Defendants Keith Irvens and CCA were previously served. *See* Doc. Nos. 30, 31. The summonses were issued the same day. *See* Doc. No. 56.

## II.  Analysis

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, when service is not effected within the prescribed 120-day period, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).[2]

A plaintiff is entitled to a mandatory extension of the period in which to serve a defendant if he shows good cause for the failure to effect timely service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If a plaintiff fails to show good cause, the court must still consider whether a permissive extension of time is warranted, or whether to dismiss the case without prejudice. *Id*. Factors governing this inquiry include: (1) consequences of confusion or delay attending a prisoner's in forma pauperis status; (2) the statute of limitations; and (3) evasion of service. *Id*.

As reflected in the record, Plaintiff neither served Defendants Sherrod, Solis, or Defibaugh within the 120-day period required by Rule 4(m) nor within the 45-day extension afforded him by the District Court, this despite having been previously warned that he should

---

[2] Amendments to Rule 4(m), effective December 1, 2015 and not applicable to this action, now limit the time period to effect service to ninety days. *See* Fed. R. Civ. P. 4(m).

"expect no further extensions and . . . that failure to serve defendants could result in the dismissal of his claims against them." Order, at 3 [Doc. No. 52].

The record further reflects that Plaintiff has not shown good cause for failing to effect timely service. *See* R. & R. [Doc. No. 48]; Order [Doc. No. 52]. Plaintiff has also failed to show that he is entitled to an additional permissive extension based on the above-referenced factors. Plaintiff does not appear to have utilized his extension of time to locate or serve defendants. Indeed, he waited until the day before his extension of time expired to even request summonses for the three defendants. And although aware that the three unserved defendants no longer worked at any CCA location, *see* Unexecuted Returns of Service [Doc. Nos. 32, 33, 34], Plaintiff nonetheless filed summonses to serve the defendants at the same address at which CCA was served—a futile exercise and an imprudent use of the United States Marshals Service's time and effort.

Accordingly, dismissal of Defendants Sherrod, Solis, and Defibaugh for failure to serve them with process is warranted, particularly where the District Court warned that "Plaintiff should expect no further extensions and is advised that failure to serve defendants could result in the dismissal of his claims against them." Order, at 3 [Doc. No. 52].

## **RECOMMENDATION**

It is recommended that Plaintiff's claims against Defendants William A. Sherrod, S. Solis, and S. Defibaugh be dismissed without prejudice because Plaintiff has failed to timely serve them in accordance with Fed. R. Civ. P. 4(m).

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 11,

2017.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

### STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the Chief District Judge in this matter.

ENTERED this 21st day of December, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE