IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MASALA M. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-146-HE |
| ) | |
| WILLIAM A. SHERROD, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. NO. 72]

Plaintiff, Masala M. James, a California state prisoner appearing pro se, filed an Amended Complaint (Am. Comp.) under 42 U.S.C. § 1983 alleging that while he was housed at North Fork Correctional Facility (NFCF), Defendants showed deliberate indifference to his serious medical condition [Doc. No. 19]. Chief United States District Judge Joe Heaton referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).[1]

Plaintiff initially named five defendants; however, the Court has already dismissed Defendants Sherrod, Solis, and Defibaugh [Doc. No. 68]. Now pending before the Court is Defendant Corrections Corporation of America (CCA) and Dr. Keith Ivens'[2] Motion for Summary Judgment and Brief in Support (Defendants' Motion) [Doc. No. 72]. Plaintiff has filed an Opposition to Defendant's Motion for Summary Judgment (Plaintiff's Resp.) [Doc. No. 75] and the matter is at issue.[3] For the reasons set forth below, it is recommended that the Court grant

---

[1] The matter was transferred to the undersigned Magistrate Judge on August 5, 2015.

[2] Plaintiff spelled the physician's name "Keith Irvens" but the Defendant identifies himself as "Keith Ivens." [*See, e.g.* Doc. No. 37]. The undersigned has used the Defendant's corrected spelling.

[3] Citations to the parties' briefs will refer to this Court's CM/ECF pagination.

Defendants' Motion on Plaintiff's deliberate indifference claim and enter judgment as a matter of law in their favor.[4] The Court should also dismiss, on screening, Plaintiff's conspiracy claim.

I. **Plaintiff's claims**

Plaintiff alleges that before his transfer to NFCF, he was diagnosed with Coccidioidomycosis, otherwise known as "valley fever" (hereinafter Valley Fever).[5] Am. Comp. at p. 4. Plaintiff was prescribed, in relevant part, Fluconazole. *Id.* According to Plaintiff, after he arrived at NFCF, officials were deliberately indifferent to his Valley Fever. *Id.*, *passim*.

Due to the Court's dismissal of Defendants Sherrod, Solis, and Defibaugh, Plaintiff's only remaining claims are against Defendants CCA and Ivens. Plaintiff does not make any specific allegations implicating Defendant CCA, except to suggest it had a responsibility to uphold its contractual commitments and follow the law. *Id.* at 4. As for Defendant Ivens, then Regional Medical Director for CCA, Plaintiff alleges the physician "ha[d] a mandate to NFCF medical personnel to prohibit inmate-patients [from receiving] fluconazole or any specialty-services, in relation to victim/patients exposed to valley fever." *Id.* at p. 5 (emphasis in original).

Finally, Plaintiff accuses Defendants of conspiring to violate his constitutional rights. *Id.* at p. 9.

---

[4] In addition to addressing Plaintiff's deliberate indifference claim, Defendants also challenge Plaintiff's exhaustion attempts under the Prison Litigation Reform Act. *See* Defendants' Motion at pp. 26-32. However, because summary judgment and/or dismissal is warranted on the underlying claims, the Court need not address the exhaustion argument.

[5] For informational purposes, the parties agree that Valley Fever is a fungal infection which can cause fever, cough, malaise, inflammation, etc. and is often treated with an antifungal drug like Fluconazole. *See* Defendants' Motion at p. 14, ¶ 35 (citing Affidavit of Keith Ivens (Ivens' Affidavit); Plaintiff's Response at pp. 2-3 (not controverting Defendants' description of the disease).

## II. Analysis of Defendants' Summary Judgment Motion

For the reasons set forth below, the undersigned recommends the Court grant Defendants' Motion.

### A. Standard for Review

Under Rule 56 of the Federal Rules of Civil Procedure, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Once a moving party shows it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *see also Celotex,* 477 U.S. at 324 (*quoting* Rule 56(e) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial.'").

To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture, or surmise. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Conclusory allegations will not create a genuine issue of material fact defeating a summary judgment motion. *See L&M Enter. Inc. v. BEI Sensors & Systems Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). In evaluating a motion for summary judgment, a district court must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable

inferences from those facts in favor of that party. *See Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "However, because at summary judgment we are beyond the pleading phase of the litigation, a plaintiff's version of the facts must find support in the record: more specifically, as with any motion for summary judgment, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Id.* (quotations, brackets, and citation omitted).

B. **The Undisputed and Disputed Facts**

1. **The Undisputed Facts**

Based on Defendants' Motion at pp. 7-14, ¶¶5-17, 20-22, 24, 26-31, 33-34, and Plaintiff's Response at pp. 2-3, the following material facts are undisputed:

- Plaintiff received an initial health screening in January 2013, upon his arrival at NFCF.

- On January 31, 2013, Dr. Eric Holt examined Plaintiff, noted his Valley Fever diagnosis, and ordered appropriate testing.

- Plaintiff's February 7, 2013 chest x-ray was clear.

- Plaintiff's February 22, 2013 blood work showed the Valley Fever tier testing within the normal range.

- Dr. Holt examined Plaintiff again on March 20, 2013, where Plaintiff denied having fever, chills, loss of appetite, malaise, etc. Nevertheless, Dr. Holt prescribed Fluconazole, 200 mg.

- Plaintiff's March 27, 2013 blood tests showed the Valley Fever tier testing within the normal range.

- Plaintiff completed his Fluconazole treatment on April 17, 2013.

- Plaintiff was examined on May 23, 2013, and denied headaches and light headedness and stated he was sleeping well and had a good appetite.

- Plaintiff's May 29, 2013 blood tests showed the Valley Fever tier testing as abnormal; however, Plaintiff did not seek any medical care between May 29, 2013, and October 2, 2013.

- Plaintiff's October 2, 2013 blood tests showed the Valley Fever tier testing as abnormal; however, on October 10, 2013, Plaintiff's chest x-ray demonstrated clear lungs and pleural spaces.

- On November 9, 2013, NFCF medical staff examined Plaintiff who described a worsening dry cough. The examiner put in a request for Fluconazole.

- Defendant Ivens denied the request for Fluconazole on November 14, 2013.

- On November 22, 2013, Plaintiff's blood tests showed the Valley Fever tier testing as abnormal. However, Plaintiff did not seek medical care again until January 1, 2014.

- On January 1, 2014, Plaintiff complained about Valley Fever symptoms and was prescribed Acetaminophen and cough medicine.

- On February 19, 2014, Plaintiff was examined and stated his Valley Fever symptoms were worsening. The staff scheduled a physician's visit.

- Plaintiff's cough medicine was refilled on February 20, 2014.

- On March 28, 2014, Plaintiff was scheduled to see Defendant Ivens, but he refused to stay for the appointment.

- Plaintiff was transferred from NFCF in April 2014.

### 2. The Disputed Facts

Only one material fact is disputed.

According to Defendants, Defendant Ivens denied Plaintiff's Fluconazole prescription because Plaintiff's October 2, 2013 blood work showed a Valley Fever "value" decrease from 1:16 to 1:4, "which indicated a two-fold improvement without treatment." Defendants' Motion at p. 12, ¶25 (citing Ivens' Affidavit). Under such circumstances, Dr. Ivens believed further medical treatment was unnecessary. *Id.* Plaintiff "disagrees" "that there was a valid medical justification" and explains that "[w]hile this is a noteworthy reduction in plaintiff's [test], no Certified Medical

Professional/Infectious Disease Practitioner would discontinue fluzonazole until after a patient's [test] is below 1:2 as referenced in plaintiff's . . . past medical history." Plaintiff's Response at p. 2 (internal emphases and punctuation omitted). Plaintiff believes instead that Defendant Ivens' decision was "merely defendant's cost-effective method of administering minimal medical services for profiteering over providing constitutionally-mandated medical services." *Id.* at p. 2-3 (quotation marks omitted).

### C. Analysis

Defendants argue that the evidence shows no deliberate indifference to Plaintiff's medical needs. The Court agrees.

#### 1. The Eighth Amendment's Scope

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). In *Farmer*, the Supreme Court held a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828.

Under this governing standard, "'[d]eliberate indifference' involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Regarding the objective component, the "prisoner must first [show] . . . that the deprivation at issue was in fact 'sufficiently serious.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (*quoting Farmer*, 511 U.S. at 834). The subjective component requires a plaintiff to show "the prison official's

culpable state of mind" and may be satisfied with allegations the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* So, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Id.* (quotation omitted).

## 2. The Deliberate Indifference Claim against Defendant Ivens

Plaintiff accuses Defendant Ivens of being deliberately indifferent to his Valley Fever.[6] In turn, Defendants point to evidence showing Plaintiff received continuous medical care for his Valley Fever at NFCF, and that Defendant Ivens' decision not to prescribe Fluconazole was based on his professional medical judgement. *See* Defendants' Motion at pp. 17-24. As discussed above, Plaintiff does not dispute the evidence relating to his overall medical treatment at NFCF. Instead, Plaintiff "disagrees" with the evidence relating to the basis for Dr. Ivens' decision; however, he presents no more than his own speculation and conjecture. Such an argument fails to create a genuine issue of material fact to defeat a summary judgment motion. *See L&M Enter. Inc.*, 231 F.3d at 1287. Moreover, Plaintiff's "disagree[ment] with [Dr. Ivens'] particular method of

---

[6] This allegation implicates Defendant Ivens' individual capacity. Plaintiff also named Defendant Ivens in his official capacity. Am. Comp. at p. 9. However, Plaintiff describes Defendant Ivens as a CCA employee. *Id.* at p. 3. As an employee of a private corporation, Dr. Ivens is not a state official; accordingly, official capacity claims cannot be asserted against him. *See Jones v. Barry*, 33 Fed. App'x 967, 971, n.5 (10th Cir. 2002) (holding that "the [private prison] defendants are not state actors, and they do not have an "official capacity"); *Anderson v. Corr. Corp. of Am.*, No. CIV-17-456-C, 2017 WL 2964733, at *2 (W.D. Okla. June 13, 2017) (holding private prison employees cannot be sued in their official capacities), *report and recommendation adopted*, No. CIV-17-456-C, 2017 WL 2958628 (W.D. Okla. July 11, 2017). Moreover, even if Plaintiff could sue Defendant Ivens in his official capacity, such claims would be "in all respects other than name, . . . treated as a suit against the entity." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Here, CCA is named as a defendant, so any claim against Defendant Ivens in his official capacity would be duplicative. *See London v. Beaty*, 612 F. App'x 910, 912 (10th Cir. 2015) (affirming the district court's conclusion "the § 1983 claims asserted against the officers in their official capacities were duplicative of the claims asserted against the City").

treatment, without more, does not rise to the level of an Eighth Amendment violation." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (holding where record reflected inmate received medical treatment – just not the medical treatment he preferred – plaintiff failed to establish deliberate indifference and an Eighth Amendment violation). Finally, Plaintiff's "'naked assertion that Defendants considered cost in [the medical decision] does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment.'" *Sherman v. Klenke*, 653 F. App'x 580, 592 (10th Cir. 2016) (citation omitted).

In sum, because the undisputed evidence shows that Defendant Ivens was not deliberately indifferent to Plaintiff's medical condition, the Court should grant Defendants' motion for summary judgment.

### 3. Plaintiff's Deliberate Indifference Claim against Defendant CCA

Plaintiff names Defendant CCA in its individual and official capacities. Am. Comp. at p. 9. CCA is a private entity and thus lacks a traditional individual or official capacity; however, Defendant CCA can be sued for municipal liability. *See Monell v. Dep't. of Social Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978) (establishing municipalities are "included among those persons to whom § 1983 applies"); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's interpretation of § 1983 in *Monell* applied to municipal governments and not to private entities acting under color of state law, caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants."). However, under this theory, CCA cannot be held vicariously liable for its employees' alleged constitutional violations under § 1983. *See Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 770 (10th

Cir. 2013). Instead, to establish Defendant CCA's liability under § 1983, Plaintiff must establish three basic elements: (1) Defendant CCA had an official policy or custom; (2) that caused a violation of Plaintiff's federal rights; and (3) "was enacted or maintained with deliberate indifference to an almost inevitable" federal rights violation. *Id.* at 769-71. Plaintiff makes none of these allegations against Defendant CCA, *see* Am. Comp., *passim*, but more importantly, Plaintiff has not established an underlying violation of his federal rights. Under such circumstances, Plaintiff cannot impose liability against Defendant CCA. *See Bird v. West Valley City*, 832 F.3d 1188, 1209 (10th Cir. 2016) (holding where plaintiff failed to establish any underlying constitutional violation, she cannot "impose municipal liability against West Valley City under § 1983"). So, again, the Court should grant Defendants' motion for summary judgment.

### III. Screening of the Conspiracy Claim

Defendants CCA and Ivens do not address Plaintiff's conspiracy claim. Regardless, because Defendants are entitled to summary judgment on Plaintiff's underlying allegations, the Court should dismiss the conspiracy claim, with prejudice, on screening. *See Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) ("We have already determined, however, that Thompson has failed to establish the existence of any constitutional violations. Since an essential element of the [§ 1983] conspiracy claim is absent, the allegation fails."); *Berry v. Oklahoma*, 495 F. App'x. 920, 922 (10th Cir. 2012) ("And because Berry has not established a constitutional violation, his § 1983 conspiracy claim also fails.").

### RECOMMENDATION

The Court should grant Defendants CCA and Ivens' Motion for Summary Judgment and Brief in Support [Doc. No. 72] and should also dismiss, on screening and with prejudice, Plaintiff's

remaining conspiracy claim. The Court's adoption of these recommendations will moot Plaintiff's pending Request for Court-Ordered Mediation Pursuant to Local Civil Rule 16.3 [Doc. No. 71].

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 26, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 5th day of December, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE