# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MASALA JAMES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | NO. CIV-14-0146-HE |
| WILLIAM A. SHERROD, *et al.*, | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. §1983, alleging that while he was incarcerated at North Fork Correctional Facility ("NFCF") defendants Corrections Corporation of America ("CCA"), Dr. Keith Ivens,[1] Regional Medical Director for CCA, and three other NFCF employees were deliberately indifferent to his serious medical needs. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Bernard M. Jones. He has recommended that the court grant defendants CCA and Dr. Ivens' motion for summary judgment with respect to plaintiff's deliberate indifference claim and dismiss plaintiff's

---

[1] *Plaintiff sued defendant Ivens in both his individual and official capacities. However, because he is the employee of a private corporation, Dr. Ivens is not a state official and can only be sued in his individual capacity. See* Jones v. Barry, *33 Fed. Appx. 967, 971, n.5 (10th Cir. 2002) (employees of private prison are not state actors and do not have an official capacity). Plaintiff also sued CCA in its individual and official capacities. Because it is a private entity, CCA also lacks an official capacity. However, as is discussed subsequently, CCA is subject to § 1983 liability if the evidence demonstrates that the unconstitutional conduct complained of was its policy or practice.*

remaining conspiracy claim on screening.² Plaintiff has filed an objection to the Report and Recommendation ("Report).

In his amended complaint, plaintiff alleges that before he was transferred to NFCF he was diagnosed with Coccidiodomycosis or "valley fever" and was prescribed Fluconazole. Although he pleaded he was never prescribed Fluconazole after he arrived at NFCF, he was treated with the drug in March of 2013. Doc. Nos. #72, p. 9, ¶12; 75, p. 2 (admitting Fact No. 12).³ However, Dr. Ivens denied a request for the drug in November 2013, which essentially forms the basis for plaintiff's claim that defendants were deliberately indifferent to his serious medical condition.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). A deliberate indifference claim has both an objective and a subjective component. *Id*. The objective component is satisfied if the deprivation is sufficiently serious, while the subjective component is met if the plaintiff "present[s] evidence of the prison official's culpable state of mind." *Id*. Liability may be imposed if the official knew the prisoner "faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks omitted). At issue here is the

---

² *By order entered on March 6, 2017, the court dismissed plaintiff's claims against the other defendants, William A. Sherrod, S. Solis and S. Defibaugh, because of lack of service. Plaintiff requested the dismissal. See Doc. #61, p. 3.*

³ *Page references to briefs and exhibits are to the CM/ECF document and page number.*

subjective component, which plaintiff attempts to establish by evidence that "a medical professional . . . fail[ed] to treat a serious medical condition properly." Sealock v. Colorado, 218 F.3d 1205, 1211 (10th Cir. 2000).

Deliberate Indifference – Dr. Ivens

In his Report the magistrate judge initially considered plaintiff's deliberate indifference claim against defendant Ivens. He determined there is only one disputed fact -- whether Dr. Ivens had a valid medical justification for his decision to deny plaintiff's Fluconazole prescription.[4] While plaintiff disagreed with the basis for Dr. Ivens' decision -- that plaintiff's condition had improved without any medication[5] -- the magistrate judge noted he offered no evidence to refute it, only his "own speculation and conjecture." Doc. 79, p. 7. He also noted that plaintiff had not disputed "the evidence relating to his overall

---

[4] *In his objection, plaintiff disputes the magistrate judge's statement that there is only one fact in dispute. The magistrate judge states in his Report that it is undisputed that plaintiff was scheduled to see defendant Ivens on March 28, 2014, but refused to stay for the appointment. Plaintiff asserts that the magistrate judge "overlooks" that his lawsuit was filed on 2/18/14, naming Dr. Ivens as a defendant. While the filing of the lawsuit may explain why plaintiff did not stay for the appointment, it does not controvert the fact that he was scheduled to be seen that day by Dr. Ivens.*

*Plaintiff also asserts the magistrate judge omitted his evidence that he "was 'worse' as indicated by the 5/17/14 lab results . . . contrary to the defendants' alleged results from March 17, 2014," which defendants claim were normal. Doc. Nos. 81, pp. 7-8, 72-2, p. 5, ¶13. Even if considered, plaintiff's evidence would not change the court's conclusion, as the May 2014 results do not create a fact question as to whether Dr. Ivens was deliberately indifferent to plaintiff's medical condition. The May test results do not tend to prove the earlier March results were incorrect. In addition, plaintiff was transferred from NFCF in April 2014, before the May results were available.*

[5] *Plaintiff's October 2, 2013, blood work for valley fever, though still in the abnormal range, showed an improvement from testing done the preceding May. The indicators dropped from 1:16 to 1:4, which indicated a two-fold improvement without any medication. Doc. #72-2, p. 4, ¶11.*

3

medical treatment at NFCF," *id.*, and made only a "naked assertion" that costs concerns had driven the medical decision.[6] Citing the well-established law that "[d]isagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation," Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010), the magistrate judge concluded defendant Ivens was entitled to summary judgment on plaintiff's deliberate indifference claim.

In his objection, plaintiff focuses on the fact that his bloodwork repeatedly showed that the tests for valley fever were in the abnormal range. However, merely showing an abnormal test result is not enough to establish deliberate indifference. It is undisputed that, while plaintiff had an abnormal test on May 29, 2013, he did not seek medical treatment until October 2, 2013.[7] And although the test was abnormal again in October, his chest x-ray on October 10 "demonstrated clear lungs and pleural spaces." Doc. #79, p. 5. After another abnormal test on November 22, 2013, plaintiff did not request treatment again until January 1, 2014, when he was prescribed Acetaminophen and cough medicine. Plaintiff argues, though, that after his abnormal November 22, 2013, blood test, "the CCA medical personnel/defendants should have initiated the proper medical protocols – instead of attempting to fault for their personal negligence/incompetence." Doc. #81, p. 7. However,

---

[6] *The magistrate judge noted, quoting* Sherman v. Klenke, *653 Fed. Appx. 580, 592 (10th Cir. 2016), that prisoners do not have a constitutional right to limitless medical care, free of cost constraints.*

[7] *Except for what is noted here, plaintiff does not disagree with the magistrate judge's statement of the undisputed facts. See Doc. #79, pp. 4-5.*

4

negligence is not the standard. Rascon v. Douglas, 2017 WL 5564446, at *2 (10th Nov. 20, 2017). "[T]he standard of care in Eighth Amendment prisoner conditions-of-confinement cases brought under § 1983 is deliberate indifference." *Id.* The court agrees with the magistrate judge that plaintiff failed to come forth with evidence sufficient to create a material question of fact as to whether Dr. Ivens was deliberately indifferent to his serious medical needs. This is not a situation where plaintiff was denied medical care. He simply was not provided the care he thought was appropriate. Plaintiff's disagreement with Dr. Ivens' treatment decision does not rise to the level of an Eighth Amendment violation. *Id*. at *4.[8] Defendants' motion will be granted with respect to plaintiff's deliberate indifference claim against Dr. Ivens.

Deliberate Indifference – CCA

Although CCA is a private entity, as the magistrate judge explained in the Report, it can be treated as a "municipality" for purposes of § 1983 liability. *See* Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's interpretation of § 1983 in *Monell* applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended

---

[8] *To prevail on his § 1983 claim against defendant Ivens in his individual capacity, plaintiff must show his direct personal responsibility for the deprivation of plaintiff's Eighth Amendment right. The parties did not, though, address the issue of the extent to which Dr. Ivens was personally involved in plaintiff's medical care and whether he could be held accountable for any decisions that were made with respect to his care other than his decision to deny the request to use Fluconazole to treat plaintiff in November 2013. See Doc. #72-2, p. 5, ¶¶13, 16. Regardless of whether he is responsible for all decisions made with respect to plaintiff's medical care related to valley fever, or only the decision on November 14, 2013, the court concludes plaintiff has not presented evidence creating a fact question as to whether the physician violated his constitutional rights.*

the *Monell* doctrine to private § 1983 defendants."); DeVargas v. Mason & Hanger–Silas Mason Co., Inc., 844 F.2d 714, 723 (10th Cir.1988) ("Although Monell addressed only the liability of municipalities, the rationale of its holding [that §1983 liability not be imposed vicariously] applies equally to corporate defendants."). This means that it cannot be held vicariously liable, but must have had an unconstitutional policy, practice or custom, which was "was the 'direct cause' or 'moving force' behind . . . constitutional violations" that were committed. Dubbs, 336 F.3d at 1215. Because he had not demonstrated the existence of a policy or custom, or an underlying violation of his federal rights, the magistrate judge concluded plaintiff's deliberate indifference claim against CCA failed. Plaintiff did not challenge this aspect of the Report in his objection. Defendants' motion will therefore be granted with respect to plaintiff's deliberate indifference claim against CCA. *See* Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010) (failure to raise a timely objection to magistrate judge's proposed findings and recommendations waives appellate review of factual and legal questions); 28 U.S.C. §636(b)(1)(C).

Conspiracy Claim

The magistrate judge concludes his Report with a recommendation that the court dismiss plaintiff's conspiracy claim with prejudice, on screening, due to the absence of an underlying constitutional violation. Plaintiff objects to the dismissal of the claim because the magistrate judge raised the issue *sua sponte*. He does not provide any argument as to why the dismissal is otherwise inappropriate.

"[T]o recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one

6

without the other will be insufficient." Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir. 1990).  As has been discussed, plaintiff failed to offer evidence demonstrating the existence of a material fact question as to whether defendants were deliberately indifferent to his serious medical needs and violated his Eighth Amendment rights.  He therefore cannot establish his conspiracy claim and it will be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[9]

Accordingly, the court **ADOPTS** Magistrate Judge Jones's Report and Recommendation and **GRANTS** defendants CCA and Ivens' motion for summary judgment [Doc. #72].  Plaintiff's § 1983 conspiracy claim is **DISMISSED WITH PREJUDICE** on screening and his request for court-ordered mediation [Doc. #71] is **MOOT**.[10]

**IT IS SO ORDERED**.

Dated this 18th day of January, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[9] Because plaintiff was given notice of the magistrate judge's Report and recommended disposition of his conspiracy claim and he had the opportunity to respond, the court could, alternatively, have sua sponte granted summary judgment in defendants' favor on the claim.

[10] Although defendants also argued plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, the magistrate judge did not address that issue because he concluded summary judgment and/or dismissal was warranted on the underlying claims.